

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 6179 | DATE | 12/20/2004 |
| CASE TITLE | Household International, Inc. vs. Simonds Industries, Inc. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The Court grants plaintiff's motion to remand and hereby remands the case to the Circuit Court of Cook County. The Court declines to award fees or costs. Finally, because the Courts lacks jurisdiction, all other pending motions are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | DEC 21 2004 date docketed | | |
| ✓ | Docketing to mail notices. | | | | 14 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| JD | courtroom deputy's initials | 2004 DEC 20 PM 3:27 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOUSEHOLD INTERNATIONAL, INC., )
)
Plaintiff, )
) 04 C 6179
v. )
) Judge George M. Marovich
SIMONDS INDUSTRIES, INC. )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Household International, Inc. ("Household") filed in the Circuit Court of Cook County Illinois a three-count complaint for declaratory judgment against defendant Simonds Industries, Inc. ("Simonds"). Simonds removed the case to federal court, and Household filed a motion to remand the proceedings to state court. For the reasons set forth below, the Court grants the motion and remands the case to state court.

### I. Background

According to the allegations in plaintiff's complaint, both plaintiff and defendant are Delaware corporations. Plaintiff alleges that Household Manufacturing, Inc. ("HMI"), a subsidiary of Household, sold assets and liabilities of a business to Simonds. Under the sale agreement (the "PSA"), HMI agreed, among other things, (a) to take certain remedial action with respect to certain environmental issues at certain sites and (b) to indemnify Simonds for certain environmental matters. In a subsequent transaction (the "RDA"), HMI became a wholly owned subsidiary of Eljer Industries, Inc. ("Eljer"). Plaintiff alleges that under the RDA, Eljer retained the contractual liabilities of the PSA, and Household agreed to indemnify Eljer for those liabilities.

14

The plaintiff's complaint also alleges that in 2001, the State of Ohio filed a complaint against Simonds seeking penalties and injunctive relief based on environmental conditions at a site covered by the PSA and the RDA. Plaintiff alleges that in June 2003, Simonds and the State of Ohio entered a consent decree, in which Simonds agreed to take remedial action with respect to certain aspects of the site. According to the plaintiff's complaint, Simonds demanded reimbursement from Household for expenses it incurred taking remedial action at the site. In its complaint, Household seeks a declaration that it is not required, under either the PSA or the RDA, to reimburse Simonds for any expenses Simonds incurs cleaning up the relevant site under the 2003 consent decree. Household also seeks a declaration that in signing the PSA, Simonds agreed not to seek contribution from Household under common law or under any state or federal statutes.

In its response brief, defendant Simonds argues that before Household filed suit against Simonds, Simonds sent Household a letter in which Simonds threatened to file suit against Household. Simonds further asserts that it provided to Household a copy of Simonds's threatened complaint and that the complaint included two causes of action under the Comprehensive Environmental Relief and Revitalization Act ("CERCLA"), a federal statute. Simonds further asserts that instead of responding to Simonds's threat of federal litigation, Household raced to the state courthouse to file suit there before Simonds could file in federal court.

The plaintiff's complaint concedes that Simonds threatened litigation against Household. According to the plaintiff's complaint, however, Simonds "threatened to seek reimbursement under the indemnification provisions of the PSA and the RDA, as well as under the State of Ohio

-2-

contribution statute." (Complt. ¶ 28). Nowhere in plaintiff's complaint does plaintiff allege that defendant threatened it with a federal claim.

Simonds removed the case to this Court, and Household has moved for an order remanding the case to state court. For the reasons discussed below, the Court grants the motion and remands the case to the Circuit Court of Cook County.

## II. Discussion

Chapter 28, § 1441 of the United States Code provides in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1441. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447 (c).

In order for a federal court to have subject matter jurisdiction over a case, a "right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). Under the well-pleaded complaint rule, which federal courts use to determine whether they have subject matter jurisdiction over particular cases:

> whether a case is one arising under the Constitution or a law or treaty of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by

anything alleged in anticipation or avoidance of defenses which it is thought the defendants may interpose.

*Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). Thus, a case cannot be removed to federal court on the basis of a federal defense. *Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983).

Things are slightly different when the complaint seeks a declaratory judgment. Just as a plaintiff cannot use a federal defense to get into federal court and just as a state court defendant cannot use a federal defense to remove a case to federal court, a would-be defendant with a federal defense to a state claim cannot circumvent the well-pleaded complaint rule by filing an action for declaratory judgment. *Franchise Tax Bd.*, 463 U.S. at 18-19 (explaining that the rule in *Skelly Oil* applies to state as well as federal declaratory judgment actions); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 674 (1950). The Supreme Court explained the principal in *Public Service Comm. Of Utah v. Wycoff Co.*, 344 U.S. 237 (1952):

> Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, *it is the character of the threatened action*, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court. *If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law*, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. . . . Federal courts will not seize litigation from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law.

*Wycoff*, 344 U.S. at 242-243 (emphasis added). Furthermore, because the position of the parties are logically reversed when one files an action for declaratory judgment, in such cases "the well-pleaded complaint rule dictates that jurisdiction is determined by whether federal question

jurisdiction would exist over *the presumed suit* by the declaratory judgment defendant." *GNB Battery Technologies, Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995) (emphasis added).

What these cases leave unanswered, however, is what, if anything, a court may consider *beyond* the declaratory judgment plaintiff's complaint to determine whether the defendant's presumed suit arises under federal law. The answer to that question determines the outcome of the instant motion because nothing in the plaintiff's complaint indicates that defendant's presumed action would include a federal claim. Rather, Household seeks a declaration that contracts do not require it to indemnify Simonds. The claims Household's complaint presumes defendant would file, then, are claims to enforce a contract, i.e., claims which do not arise under federal law. Thus, if the Court cannot look beyond the plaintiff's complaint, the case must be remanded for lack of subject matter jurisdiction. 28 U.S.C. § 1447 (c). If, on the other hand, the Court can consider the complaint defendant actually threatened to file–which complaint included federal causes of action under CERCLA–then the Court has jurisdiction and the motion for remand must be denied.

The cases provide little guidance on this issue. In *Wycoff*, the Supreme Court did not consider whether the presumed/threatened suit would raise a federal question because it dismissed the case for lack of standing. *Wycoff*, 344 U.S. at 248-249. In *GNB Battery*, it was clear on the face of the plaintiff's declaratory judgment complaint that defendant's presumed action arose under federal law. There, the plaintiff's first count was for a declaration that it was "not a potentially responsible party under Section 107(a) of CERCLA, 42 U.S.C. § 9607." *GNB Battery*, 65 F.3d at 618. The Seventh Circuit concluded:

> Count One *of GNB's complaint presumes* the possibility of an action [defendant] under §§ 107(a) and 113(f)(1) of CERCLA, 42 U.S.C. §§ 9067(a), 9613(f)(1), a federal cause of action. Thus, GNB's complaint is a request for a declaration of nonliability under CERCLA. It therefore constitutes an adequate request for declaratory relief and supports our federal question jurisdiction.

*GNB Battery*, 65 F.3d at 619-620. This *suggests* that when a court determines whether to accept jurisdiction over a declaratory judgment case, it looks to what the plaintiff's *complaint* presumes the defendant's claim to be, not what the defendant itself asserts that the claim would be. But the case does not foreclose the possibility that a court could look beyond the plaintiff's declaratory judgment complaint.

Several other Circuit Courts of Appeals look to only the allegations in the plaintiff's well-pleaded complaint to determine whether the defendant's coercive action could include a federal claim against the plaintiff. *Household Bank v. JFS Group*, 320 F.3d 1249, 1256 (11th Cir. 2003) ("the district court had subject-matter jurisdiction over [plaintiff's] request for a declaration that the arbitration provisions of its RAL agreements were enforceable because they alleged in a well-pleaded complaint that the declaratory judgment defendants could file non-frivolous federal claims against them."); *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) ("if the declaratory judgment plaintiff is not alleging an affirmative claim arising under federal law against the declaratory judgment defendant, the proper jurisdictional question is whether the complaint alleges a claim arising under federal law that the declaratory judgment defendant could affirmatively bring against the declaratory judgment plaintiff.").

Simonds cites no cases within the Seventh Circuit in which a court found subject-matter jurisdiction over a declaratory judgment action removed from state court where it was not clear from the allegations in the plaintiff's complaint that defendant had federal claims against

plaintiff. Simonds would still like this Court to consider the complaint (which included federal claims) with which it claims to have threatened Household before Household filed suit. In *Amsouth Bank v. Dale*, 386 F.3d 763, 775 (6th Cir. 2004), the Sixth Circuit rejected a declaratory judgment defendant's argument that the district court should have considered a complaint the defendant subsequently filed to determine whether defendant had federal causes of action. Still, the Sixth Circuit, relying on an opinion from the First Circuit, stated:

> At least one case from another circuit, however, suggests that the proper inquiry is not into the complaint as subsequently filed, but instead whether the declaratory plaintiff 'could reasonably have anticipated' a federal cause of action from the conduct of the other party. *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 78-79 (1st Cir. 1996). Under that formulation, the appropriate place to look is the correspondence and conversations between the Banks and the Receivers.

*Amsouth Bank*, 386 F.3d at 775. In *Amsouth*, information about the conversations and correspondence was not in the record, so the court did not consider it. Furthermore, this Court is not convinced that *PHC, Inc.* supports the idea that a court can look beyond the plaintiff's declaratory judgment complaint to correspondence between the parties in order to determine whether the declaratory defendant's threatened action would have included federal claims. It is not clear that the First Circuit, in *PHC, Inc.*, actually reviewed correspondence between the parties rather than simply relying on the complaint allegations with respect to the correspondence. *PHC, Inc.*, 75 F.3d at 77 ("we draw our facts from the pleadings"). Thus, the Court is unaware of any cases clearly holding that a court may look beyond the plaintiff's declaratory judgment complaint to determine whether the defendant's threatened claims would arise under federal law.

Furthermore, the Court believes that looking beyond the plaintiff's complaint would present a number of problems. First, it would require an evidentiary hearing to determine what information passed between the parties before the plaintiff filed suit. Although courts hold evidentiary hearings to determine standing (an issue which often turns on facts), a court should not need an evidentiary hearing to determine whether a case presents a federal question. Second, looking beyond the complaint would present line-drawing problems: perhaps a federal question is presented where the defendant sends plaintiff a draft complaint containing federal claims, but what if the defendant threatens federal claims over the telephone? What if the defendant drafts the complaint but does not send it to opposing counsel? What if the defendant has decided to draft federal claims but has not yet done so?

The Court concludes that it cannot consider evidence beyond plaintiff's declaratory judgment complaint in determining whether it has subject-matter jurisdiction over the case. Nothing in the plaintiff's complaint indicates that defendant's presumed case would present a federal claim. Accordingly, the Court lacks subject matter jurisdiction, and the case was improperly removed.

Household has also requested its fees and costs pursuant to 28 U.S.C. § 1447(c), which states that a court "may require the payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." Because the Court finds that defendant provided a reasonable basis for removal, it declines to awards fees. See *Hahn v. PepsiCo., Inc.*, Case No. 04 C 4493, 2004 WL 2600129 at * 5 (N.D. Ill. Nov. 10, 2004).

## IV. Conclusion

For the reasons set forth above, the Court grants plaintiff's motion for remand and hereby remands the case to the Circuit Court of Cook County. The Court declines to award fees or costs. Finally, because the Court lacks jurisdiction, all other pending motions are denied.

ENTER:

George M. Marovich
United States District Judge

DATED: 12/20/04